687 A.2d 734

IN THE MATTER OF DONALD R. HOBBS,
AN ATTORNEY-AT-LAW.

January 30, 1997.

## CONSENT ORDER

**THIS MATTER,** having been opened to the Court by **DAVID E. JOHNSON, JR.,** Director, Office of Attorney Ethics, and with the consent of the respondent, Donald R. Hobbs, Esq., of East Orange, and respondent's counsel, John W. Noonan, Esq., and it appearing that the Office of Attorney Ethics and respondent have agreed that respondent is currently unable to engage in the practice of law and should be transferred to disability inactive status in accordance with R. 1:20–12(b), and good cause appearing;

**IT IS ORDERED** that:

1. Pursuant to R. 1:20–12(d), Donald R. Hobbs of East Orange, admitted to practice in this state in 1977, is hereby transferred to disability inactive status, effective immediately, pending final determination of all grievances, and until further Order of the Court;

2. Donald R. Hobbs is hereby restrained and enjoined from practicing law during the period that he remains on disability inactive status;

3. All funds, if any, presently existing in any New Jersey financial institution including Attorney Trust Account at Midlantic National Bank, Account No. 0–06251123–3, Attorney Business Account at Midlantic National Bank, Account No. 0–06222043–9 maintained by Donald R. Hobbs pursuant to R. 1:21–6 shall be restrained from disbursement and shall be transmitted by the banks that are the present custodians thereof to the Clerk of the Superior Court for deposit in the Superior Court Trust Fund pending the further Order of this Court;

4. Donald R. Hobbs shall continue to comply with the regulations governing suspended, disbarred, or incapacitated attorneys pursuant to Rule 1:20–20 during the period that he is placed on "disability inactive" status;

5. As a condition to reinstatement to active status, Donald R. Hobbs shall be required to submit to the Supreme Court clear and convincing evidence of psychiatric fitness to resume the practice of law, as required by Rule 1:20–12(f) and (g);

6. Prior to petitioning for reinstatement to active status, Donald R. Hobbs shall be required to submit to further psychiatric evaluation by such independent expert(s) selected by the Office of Attorney Ethics as that Office shall deem necessary or advisable;

7. As a further condition to reinstatement to active status, Donald R. Hobbs shall be required to continue any course of psychiatric treatment or counseling as may be deemed necessary or advisable by the independent expert(s) selected by the Office of Attorney Ethics;

8. As a further condition to reinstatement to active status, Donald R. Hobbs shall be required to submit a plan for the resumption of his practice only as a partner, shareholder, associate or employee of at least one other member of the New Jersey bar, or, in the alternative, for the supervision of his practice by a proctor pursuant to then-applicable Court Rules for such period as the Supreme Court deems necessary or advisable; and

9. All of the conditions prerequisite to reinstatement shall be deemed continuing conditions subject to periodic verification by such means and at such intervals as the Office of Attorney Ethics deem necessary or advisable.